**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| HEIDI STIRRUP, personally and in her capacity as a Member of the United States Air Force Academy Board of Visitors, | Civil Action No. _____ |
| *Plaintiff*, | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| vs. | |
| UNITED STATES DEPARTMENT OF DEFENSE; GENERAL LLOYD J. AUSTIN, III USA (RET) in his official capacity as the United States Secretary of Defense; UNITED STATES DEPARTMENT OF THE AIR FORCE; JOHN P. ROTH, in his official capacity as the Secretary of the Air Force (Acting); UNITED STATES AIR FORCE ACADEMY; LIEUTENANT GENERAL RICHARD M. CLARK, in his official capacity as Superintendent, United States Air Force Academy; | |
| *Defendants*. | |

**STATEMENT OF THE CASE**

1.      In this action, the Plaintiff asks the Court to issue a declaratory judgment and a preliminary and permanent injunction to immediately restore the full operation of the United States Air Force Academy Board of Visitors ("AFA BOV"), by declaring that Defendants' directives and actions suspending the operations of the AFA BOV are illegal; to enjoin the Defendants from continuing to suspend the operations of the AFA BOV; and to mandate that the Defendants immediately restore and allow restoration of the normal and proper operations of the AFA BOV as required by federal statutes and other laws.

2.      The AFA BOV is an oversight board created by Congressional mandates to investigate, oversee and make recommendations to the United States House Armed Services Committee, the United States Senate Armed Services Committee, the United States Department of Defense ("Department of Defense" or "DoD"), the United States Department of the Air Force ("Department of the Air Force") and the United States Air Force Academy ("Air Force Academy") about the operations of the Air Force Academy.  The oversight and investigative authority of the AFA BOV thus flows from the powers of Congress set forth in Article I of the U.S. Constitution. Simply stated, the functions of the AFA BOV are a creature of Article I oversight functions.  It is precisely for this reason that Members of Congress, not members of the Executive Branch, serve as authorized members of the AFA BOV and the other service academies' boards of visitors. Congress was not interested in having the Executive Branch oversee its own administration of the Country's military service academies.

3.      The AFA BOV has been unlawfully suspended since on or about February 2, 2021, by the Defendant Department of Defense, a federal agency whose powers and authority derive not from Article I, but Article II, of the U.S. Constitution. The suspension of the AFA BOV's investigative and oversight duties is a violation of the constitutional separation of powers doctrine and has caused grave harm to cadets at the Air Force Academy, their parents, the United States Congress, the institutional Defendants and the American people because, throughout the period of suspension, Defendants and others have made critical decisions  about  nationally important institutional problems at the Air Force Academy including, *inter alia*, 1) alleged "systemic racism" and an attendant, highly-controversial implementation of a radically new and fundamentally unconstitutional Critical Race Theory (CRT) "race training" curriculum, including a) unilateral indoctrination of appointees to the Air Force Academy into CRT even before the appointees have

been enrolled as cadets at the Air Force Academy and b) engaging in viewpoint discrimination by assigning cadets test grades based on whether their answers to ideologically-skewed and misleading questions about race conform to the racist, politically and culturally "acceptable" views of CRT; 2) the resolution of an unprecedentedly large cheating scandal at the Air Force Academy involving more than 200 alleged cadet Honor Code violators; 3) the implementation of policies governing the surveillance, detection and purging of "radical extremists" from the Air Force Academy, defined only as "white extremists" to the exclusion of extremists of the radical Left; 4) the handling of sexual assaults at the Air Force Academy; 5) the response to and further prevention of an unprecedently large number of cadet suicides; and 6) the implementation of pre- and post-COVID-19 protocols, including the treatment of cadets who exercise their right not to receive a COVID vaccine.   Defendants and others have made countless decisions concerning these vitally-important issues without *any* input or recommendations from, and without any investigation, evaluation or oversight by, Plaintiff Heidi Stirrup or the AFA BOV.

4.     Of particular, grave concern to cadets, their parents and faculty at the Air Force Academy, and the American public generally, is the new, openly racist CRT curriculum being taught at the Air Force Academy.  The topic of this new curriculum has been questioned recently, both in a recent United States Senate hearing and in the mainstream media.

5.     Lest there be any doubt as to the immediacy and magnitude of the radical ideological curriculum changes and the threats Defendants seek to immunize from constitutional and statutory oversight and accountability by suspending the AFA BOV, Lynne Chandler Garcia ("Garcia"), an associate professor of political science at the United States Air Force Academy, published an editorial in the Washington Post on July 6, 2021, entitled, "I'm a professor at a U.S. Military Academy.  Here's why I teach critical race theory."  In that Op-Ed, Garcia asserted,

among other things, that her espousal of CRT "helps students identify the structural racism and inequality that has been endemic in American society.  And it provides methods for deconstructing oppressive beliefs, policies and practices to find solutions that will lead to justice."  Meanwhile, the Air Force Academy's Board of Visitors sits powerless even to review, let alone call into question or stop, this ideological, anti-American juggernaut of CRT, having been illegally stripped of its powers to do.

6.      While CRT apologists may applaud Garcia's statements and actions, Congressman Doug Lamborn, a Member of the House of Representatives, of the House Armed Services Committee and of the AFA BOV whose constituency includes the Air Force Academy, is, on the other hand, appalled.  In response to Assistant Professor Garcia's unabashed embrace of CRT and the Marxist ideology underpinning it, Congressman Lamborn issued a press release, attached as Exhibit 1, condemning the indoctrination of Air Force Academy cadets into CRT, including, in pertinent part, the following:

> Just two weeks ago, Secretary Austin testified before the House Armed Services Committee that critical race theory is not something being taught, pushed, or embraced in our military.  I am deeply concerned that an associate professor at the United States Air Force Academy has enthusiastically endorsed teaching critical race theory to the future officer corps of our Space Force and Air Force.  This is in direct violation of the clearly expressed intent of the Secretary of Defense.  As a member of the United States Air Force Academy's Board of Visitors, I oppose teaching our cadets that the country they serve is fundamentally racist.  Critical race theory is an anti-American ideology rooted in Marxism and has no place in any of our service academies.

7.       Numerous specific legal requirements and duties of the AFA BOV and of the Defendants are being violated or unfulfilled because of the suspension of the operations of the AFA BOV. The AFA BOV, an oversight board by statute, is unable to perform its duties because of its illegal suspension.

## JURISDICTION AND VENUE

8.      The Court has jurisdiction under 28 U.S.C. § 1331.

9.      The Court may award declaratory and injunctive relief under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, the First and Fifth Amendments to the United States Constitution, and the constitutional Separation of Powers Doctrine.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and 1391(e).

## PARTIES

11.     Plaintiff Heidi Stirrup ("Stirrup") is a resident of Haymarket, Virginia, and was appointed as a member of the AFA BOV by President Donald J. Trump on December 17, 2020.

12.     Defendant the United States Department of Defense is an agency of the United States, and is responsible for the administration of the Department of the Air Force and the Air Force Academy.

13.     Defendant General Lloyd J. Austin III, USA (Ret), is the Secretary of Defense ("SecDef") and is named as a party in his official capacity.

14.     Defendant the United States Department of the Air Force is an agency of the United States and is responsible for the administration of the Air Force Academy.

15.     Defendant John P. Roth is the Acting Secretary of the Air Force and is named as a party in his official capacity.

16.     Defendant the United States Air Force Academy is an agency of the United States, and is responsible for teaching and training cadets to become Air Force officers.

17.     Defendant Lieutenant General Richard M. Clark, USAF, is the Superintendent of the Air Force Academy and is named as a party in his official capacity.

**STATEMENT OF FACTS**

18.    On February 4, 2021, Plaintiff Heidi Stirrup and other Presidential (but not Congressional) appointees to the AFA BOV received an email, attached as Exhibit 2, from Anthony McDonald, a GS-15 federal official designated to assist with the AFA BOV.  The email states, in pertinent part, as follows:

> I am reaching out today to inform you that the **Secretary of Defense has suspended the operations** of all DoD Advisory Committees pending completion of a Zero-Based Review with our review being due to OSD **no later than 30 April 2021**. You will likely hear about advisory committees being disestablished and board members released from service **but given our committee is non-discretionary (required by law) it will remain in place and your board membership will not be impacted**.

> What does the suspension mean for our board? It **means the board will not hold any meetings (formal, preparatory, etc.) or otherwise undertake official board business that would drive expenditure of public funds until the Secretary of Defense has reviewed our business case analysis and lifted suspension of our advisory committee**. As such, our **previously scheduled 8 April 2021 meeting will be rescheduled to a later date to be determined**.

> In the meantime, Headquarters Air Force and USAFA staff still have administrative requirements that must be completed in accordance with the Federal Advisory Committee Act and DoD policy such as record-keeping, publishing of minutes, reports, etc. as well as administrative functions related to fully onboarding the new members (background/clearance, ethics, disclosures, etc.), I'd ask for your full and timely cooperation in those matters. Finally, you will continue to receive periodic updates on matters germane to the board.

(Emphasis added.)

Accompanying this email were two Memoranda, dated January 30, 2021 and February 2, 2021, respectively, and attached as Exhibit 3, from the Office of Defendant Secretary of Defense suspending the Boards of Visitors of the United States Air Force Academy, the United States Military Academy, and the United States Naval Academy.

19.    On February 4, 2021, and on March 3, 2021, Plaintiff Stirrup requested in writing that Defendants Department of Defense and Department of the Air Force provide to her the legal

authority, if any, allowing DoD to suspend the AFA BOV.  A copy of this request is attached as Exhibit 4.  To date, no such legal authority has been identified by anyone.  That is because no such authority exists.

20.     On information and belief, for several weeks after the activities of the AFA BOV were suspended, Defendants Department of Defense and Department of the Air Force failed to notify the Congressional members of the AFA BOV that DoD had suspended the AFA BOV. Attached as Exhibit 5 is a letter dated June 23, 2021, in which Congressman Doug Lamborn (a member of the AFA BOV), Congressman Don Bacon (a member AFA BOV) and Congressman Michael Waltz communicated their objections to Defendant Austin concerning the suspension by DoD of the Boards of Visitors of the military academies.

21.     On multiple occasions subsequent to the wrongful suspension of the AFA BOV, Plaintiff Stirrup asked that Defendants provide information about the Air Force Academy.  Each of those requests was met either with no response whatsoever or an express denial.

22.      For example, as stated above, Plaintiff Stirrup asked Defendants Department of Defense and Department of the Air Force to identify the legal authority allowing the suspension of the AFA BOV, but none has been provided.  In addition, in an email dated March 15, 2021, Plaintiff Stirrup asked Defendant Superintendent of the Air Force Academy for information concerning 1) the manner in which the Air Force Academy was teaching about and dealing with racial issues at the Air Force Academy, including a controversial video published by Air Force Academy football team coaches appearing to politically and publicly support Black Lives Matter; 2) whether and how the Air Force Academy was regulating social media publications by cadets that might have racial, violent or insubordinate content; and 3) how and by what standards the Air Force Academy would be purging "extremism" among cadets and others stationed at the Air Force

Academy. On March 18, 2021, Defendant Lieutenant General Richard M. Clark responded to Plaintiff Stirrup's information request by stating "Unfortunately, we are not conducting BoV business until [the Office of the Secretary of Defense] indicates that we can resume committee activity during the SecDef's review on committee activity."  A copy of Plaintiff Stirrup's request and the Superintendent's failure to provide the information requested is attached as Exhibit 6.

23.    On April 17, 2021, Plaintiff Stirrup requested specific information about the Honor Code System at the Air Force Academy from the Chairman of the AFA BOV, copied to the Superintendent of the Air Force Academy and to Anthony McDonald, an official at the Department of the Air Force in charge of the AFA BOV.  None of the information requested was provided.

24.    In addition, in February 5, 2021, Plaintiff Stirrup requested specific documents about the Air Force Academy Honor System and teachings about race from Defendant Department of the Air Force through Anthony McDonald, the Chairman of the AFA BOV and others. None of the documents requested was provided.

25.    The United States Congress created the Air Force Academy Board of Visitors and mandated its membership, duties and prerogatives.  For example, 10 U.S.C. § 9355(a) provides that a "Board of Visitors to the [Air Force] Academy is constituted annually," and how appointments to the AFA BOV are made.  *Id*.  By suspending the AFA BOV, the Defendants have rendered the AFA BOV and its members non-operational and completely ineffective, contrary to the express will of Congress in 10 U.S.C. § 9355(a).

26.    In addition, 10 U.S.C. § 9355(d) provides that the AFA BOV "should meet at least four times a year, with at least two of those meetings at the Academy;" that "Board meetings should last at least one full day;" and that "Board members shall have access to the Academy grounds and the cadets, faculty, staff, and other personnel of the Academy for the purposes of the

duties of the Board." *Id*.  By suspending the AFA BOV, the Defendants have prevented the AFA BOV from meeting at the Academy and have prevented all AFA BOV members from having access to the Academy grounds and cadets, faculty, staff, and other personnel of the Academy.

27.     In addition, 10 U.S.C. § 9355(e)(1) mandates that the Board "shall inquire into the morale, discipline, and social climate, the curriculum, instruction, physical equipment, fiscal affairs, academic methods, and other matters relating to the Academy that the Board decides to consider." *Id.* With regard to those matters, Congress mandated that "the Board shall recommend appropriate action."  10 U.S.C. § 9355(e)(3).  By suspending the AFA BOV, the Defendants have prevented the AFA BOV from inquiring into any of the specific areas listed above, including in particular the morale, social climate, curriculum, instruction and academic matters relating to the Academy.

28.     Moreover, to assist the AFA BOV perform its Congressionally mandated oversight functions, 10 U.S.C. § 9355(e)(2) requires that the "Secretary of the Air Force and the Superintendent of the Academy shall provide the Board candid and complete disclosure, consistent with applicable laws concerning disclosure of information, with respect to institutional problems." *Id.* The Secretary of the Air Force and the Superintendent of the Air Force Academy have completely failed to provide the AFA BOV candid and complete disclosures regarding institutional problems at the Air Force Academy.

29.     Congress also mandated that the AFA BOV "prepare a semiannual report containing its views and recommendations pertaining to the Academy" and that "[e]ach such report shall be submitted concurrently to the Secretary of Defense, through the Secretary of the Air Force, and to the Committee on Armed Services of the Senate and the Committee on Armed Services of the House of Representatives." 10 U.S.C. § 9355(f).  By suspending the AFA BOV, the Defendants

have prevented the AFA BOV from preparing and submitting reports containing its views and recommendations pertaining to the Air Force Academy, in violation of 10 U.S.C. § 9355(f), and from even having views or recommendations, contrary to 10 U.S.C. § 9355.

30.     The Charter for the Board of Visitors of the Air Force Academy, issued pursuant to 10 U.S.C. § 9355 and its implementing regulations, repeats many of the requirements of 10 U.S.C. § 9355 and provides additional mandates regarding the duties and prerogatives of the AFA BOV.

31.     For example, Section 3 of the Charter provides that the AFA BOV "shall provide independent advice and recommendations on matters relating to the U.S. Air Force Academy." Charter, AFA BOV, Sect. 3. By suspending the AFA BOV, the Defendants have prevented the AFA BOV from providing this independent advice and recommendations as mandated.

32.     Further, Section 4 of the AFA BOV Charter states:

> Pursuant to 10 U.S.C. § 9355(e)(1) and (3), the Board shall provide to the Secretary of Defense and the Deputy Secretary of Defense, through the Secretary of the Air Force, and to the Committee on Armed Services of the Senate and the Committee on Armed Services of the House of Representatives independent advice and recommendations on the morale, discipline, and social climate, the curriculum, instruction, physical equipment, fiscal affairs, academic methods, and other matters relating to the Academy that the Board decides to consider. The Board shall recommend appropriate action.

*Id.* By suspending the AFA BOV, the Defendants have prevented the AFA BOV from providing any of these "independent advice and recommendations" to any of the parties referenced above.

33.     In addition, Section 5 of the AFA BOV Charter requires that the AFA BOV "shall prepare a semiannual report containing its view and recommendations pertaining to the Academy" and that those reports be submitted to the Secretary of Defense, through the Secretary of the Air Force, and to the Committee on Armed Services of the Senate and the Committee on Armed Services of the House of Representatives." *Id.* By suspending the AFA BOV, the Defendants have prevented the AFA BOV from preparing and submitting any of the reports referenced above.

10

34. In addition, Section 6 of the AFA BOV Charter specifically requires that the "DoD, through the Department of the Air Force, shall provide the necessary support for the Board and shall ensure compliance with the requirements of the FACA [the Federal Advisory Committee Act, 5 U.S.C. Appendix, P.L. 92-463, 86 Stat. 770, as amended], the Government in the Sunshine Act of 1976 (5 U.S.C. § 552b, as amended) ("the Sunshine Act"), governing Federal statutes and regulations, and established DoD policies and procedures. *Id.*  The Defendants have utterly and deliberately failed to provide the necessary support for the AFA BOV and to comply with the other requirements stated above.

35. In particular, Section 6 of the AFA BOV Charter specifically requires that:

> Pursuant to 10 U.S.C. §§ 9355(d) and (e)(2), the Secretary of the Air Force, through the Superintendent of the Academy, shall ensure that the Board has access to the Academy grounds and the cadets, faculty, staff, and other personnel of the Academy for the purposes of the duties of the Board. The Secretary of the Air Force and the Superintendent of the Academy shall provide the Board candid and complete disclosure, consistent with applicable laws concerning disclosure of information, with respect to institutional problems.

*Id.*  By suspending the AFA BOV, the Defendants have failed to ensure that the AFA BOV has access to the Academy grounds and personnel and has failed to provide the AFA BOV disclosures as required above.

36.    In addition, Section 9 of the AFA BOV Charter specifically requires that "[p]ursuant to 10 U.S.C. § 9355(d), the Board should meet at least four times per year, with at least two of those meetings taking place at the Academy. Board meetings should last at least one full day." *Id*. By suspending the AFA BOV, the Defendants have prevented the AFA BOV from meeting, at or away from the Academy, in violation of U.S.C. § 9355(d).

37.     Moreover, Section 10 of the AFA BOV Charter states "Duration: The need for this Board is on a continuing basis . . .." *Id*.  By suspending the AFA BOV, the Defendants have prevented the AFA BOV from operating on a continuing basis or on any basis.

38.     The Bylaws of the Board of Visitors of the Air Force Academy ("Bylaws), issued pursuant to 10 U.S.C. § 9355, its implementing regulations and the AFA BOV Charter, repeats many of the requirements of 10 U.S.C. § 9355 and provides additional language mandating the duties and prerogatives of the AFA BOV.

39.     For example, the Bylaws identify the AFA BOV as an "oversight board" and an "advisory board" charged with providing "independent advice and recommendations" regarding the Air Force Academy. Bylaws, Art. I. The Bylaws state that the "Board shall be responsible for advising the Superintendent (and, in turn, the Chief of Staff, the Secretary of the Air Force and the Secretary of Defense) by making recommendations on significant matters relating to the Academy." *Id*. By suspending the AFA BOV, the Defendants have prevented the AFA BOV from providing any advice or recommendations to the Superintendent, the Chief of Staff, the Secretary of the Air Force or the Secretary of Defense.

40.     In addition, the Bylaws provide that the "Board may request, without restriction, information, facts, and briefings in support of its role to oversee operations of the Air Force Academy" and requires that "[t]he Secretary of the Air Force and the Superintendent of the Academy shall provide the Board candid and complete disclosure, consistent with applicable laws concerning disclosure of information, with respect to institutional problems." Bylaws, Art. I. By suspending the AFA BOV, the Defendants have prevented the AFA BOV from requesting or obtaining information, facts and briefings in support of its oversight role, and the Defendants have failed to provide required disclosures.

41.     The Bylaws also provide that the "Board is a working board and its members are expected to attend all meetings and to participate in the activities of the Board" and that "Board members have the duty to make constructive recommendations to ensure the mission of the Academy is appropriately met." Bylaws, Art. III, Section 3. By suspending the AFA BOV, the Defendants have prevented the AFA BOV members from attending meetings and from participating in activities of the AFA BOV, and from making constructive recommendations to ensure the mission of the Air Force Academy is appropriately met.

42.     The Bylaws also provide that:

> The Board should meet at least four times a year, with at least two of those meetings at the Academy. . .. The Board or its members may make other visits to the Academy in connection with the duties of the Board. Board meetings should last at least one full day. Board members shall have access to the Academy grounds and the cadets, faculty, staff, and other personnel of the Academy for the purposes of the duties of the Board.

Bylaws, Art. IV, Section 1. By suspending the AFA BOV, the Defendants have prevented the AFA BOV from meeting, and all AFA BOV members from visiting the Academy and gaining access to the Academy grounds and cadets, faculty, staff and other personnel as stated above.

43.     The Bylaws also provide that "[a]ny member of the Board may make special visits to the United States Air Force Academy, in addition to those described herein, in connection with the duties of the Board or to consult with the Superintendent." Bylaws, Art. IV, Section 3. By suspending the AFA BOV, the Defendants have prevented the members of the AFA BOV from visiting with the Defendant Superintendent of the Air Force Academy or from otherwise consulting with the Defendant Superintendent of the Air Force Academy.

44.     The Bylaws also provide that "[m]embers of the public attending open meetings and briefings of the Board may, upon approval by the Chair, be allowed to present questions from the floor or speak to an issue under discussion by the Board" and that "[a]ny member of the public

13

shall also be permitted to file a written statement with the Board." Bylaws, Art. IV, Section 7. The Bylaws provide other opportunities for members of the public to publicly express their views to the AFA BOV and to the public, and to record those views. *Id*. By suspending the AFA BOV, the Defendants have prevented members of the public from attending meetings of the AFA BOV and from presenting questions to or otherwise communicating with the AFA BOV as provided above.

45.     The Bylaws also provide that "any member may exercise the right to have views incorporated verbatim in the minutes" of AFA BOV meetings. Bylaws, Art. IV, Section 10. By suspending the AFA BOV, the Defendants have prevented members of the AFA BOV from having their views incorporated verbatim in the minutes of AFA BOV meetings, and the public, the Defendants and the Congress from having knowledge of those views.

46.     The Bylaws also provide that the "Boards shall prepare a semiannual report containing its views and recommendations pertaining to the Academy, based on its meetings since the last such report and any other considerations it determines relevant" and that "[e]ach such report shall be submitted concurrently to the Secretary of Defense, through the Secretary of the Air Force, and to the Committee on Armed Services of the Senate and the Committee on Armed Services of the House of Representatives." Bylaws, Art. IV, Section 11. The Bylaws also require that "[t]he Secretary and Chief of Staff of the Air Force, as well as the Superintendent of the Academy, will receive a copy of the approved reports." *Id*.  By suspending the AFA BOV, the AFA BOV has been prevented from complying with any of these requirements.

47.     The Bylaws also provide that:

> The United States Air Force Academy, without restriction, will provide to the Board information, briefings, and facts in preparation for meetings in support of its role to oversee operations of the United States Air Force Academy, and will provide Board members access to the Academy grounds and cadets, to include attending classes and meeting with cadets informally and privately. Also, the Superintendent of the Air Force Academy will

> ensure BoV members receive candid and complete disclosure of all
> institutional problems, to include cadet and faculty surveys, and any
> information related to the culture and climate of the Academy.

Bylaws, Art. V, Section 1. The United States Air Force Academy has utterly and deliberately failed

to comply with any of the requirements quoted above.  Indeed, the Superintendent of the Air Force

Academy has specifically refused in writing to answer Plaintiff Stirrup's questions as a member

of the AFA BOV for the stated reason that he could not do so because the AFA BOV is suspended.

48.     The Bylaws also provide that the "bylaws will be reviewed annually" and that

"[a]mendments or changes to the bylaws of the Board of Visitors may be suggested to the Board

Chair, in writing, by any member as an Agenda item at a scheduled Board meeting . . .." Bylaws,

Art. V, Section 3.  By suspending the AFA BOV, the Plaintiff and other members of the AFA

BOV have been prevented from reviewing the bylaws and from suggesting amendments or

changes to the bylaws, in violation of the above.

## COUNT ONE
### (Violation of the Administrative Procedure Act)

49.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

50.     Defendants' actions constitute numerous, material violations of federal statutes and

the DoD's own regulations governing the appointment to, and functioning of, the AFA BOV.

51.     Defendants' illegal suspension of the functioning of the AFA BOV constitutes final

agency action that violates the APA because it is arbitrary and capricious, an abuse of discretion,

not in accordance with law, and contrary to Articles I and II, and the First Amendment and the

Due Process provisions of the Fifth Amendment to, the U.S. Constitution.

52.     This Court has the authority to review these actions under 5 U.S.C. § 702 and to

enjoin and overturn them in accordance with 5 U.S.C. § 706(2)(A) and (B).

53.     The agency violations and actions at issue here are final because the harm to the Plaintiff caused by these violations and actions is immediate, continuing, and irreparable.  Other than the declaratory and injunctive relief requested, there exists no adequate remedy at law.

### COUNT TWO
**(Violations of Statutes and Regulations; Deprivation of Due Process in Violation of the Fifth Amendment to the U.S. Constitution)**

54.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

55.     The suspension of the AFA BOV by the Defendants violates the federal statutes, Charter and By-laws cited and quoted above.

56.     By suspending the AFA BOV, the Plaintiff, cadets at the Air Force Academy, their parents, the Defendants and the American people have suffered and will continue to suffer immediate and irreparable harm for various reasons including, *inter alia*, because irreversible decisions about the operation of the Air Force Academy are being made without the input, investigations, oversight, suggestions and recommendations of the AFA BOV and of the Plaintiff as mandated by law.  Other than the declaratory and injunctive relief requested, there exists no adequate remedy at law.

### COUNT THREE
**(Viewpoint Discrimination in Violation of the First Amendment to the U.S. Constitution)**

57.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

58.     Government action that targets speech based on its content is presumptively unconstitutional and is justified only if the government demonstrates that it is narrowly tailored to serve a compelling state interest.  *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015). Defendants could not possibly make that showing here.

59.     "When the government targets not subject matter but particular views taken by

speakers on a subject, the violation of the First Amendment is all the more blatant.  Viewpoint

discrimination is thus an egregious form of content discrimination.  The government must

abstain from regulating speech when the specific motivating ideology or the opinion or

perspective of the speaker is the rationale for the restriction." *Rosenberger v. Rectors and

Visitors of the University of Virginia,* 515 U.S. 819, 829 (1995).

60.     Defendants' wrongful and deliberate suspension of the constitutionally-critical

oversight and advisory functions of the AFA BOV is intended in part to prevent, and has the effect

of preventing, the AFA BOV from questioning, let alone providing an alternative view to, the

indoctrination of CRT at the Air Force Academy.  Defendants have chilled, and continue to chill,

the free speech rights of the Plaintiff specifically and of the AFA BOV generally.

## COUNT FOUR
## (DECLARATORY JUDGMENT; 28 U.S.C. §§ 2201, 2202)

61.      Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

62.     There is an actual controversy of sufficient immediacy and concreteness relating to

the legal rights and duties of the Plaintiff and those whom they represent to warrant relief under

28 U.S.C. §§ 2201 and 2202.

63.     The harm to the Plaintiff as a direct result of the suspension of the AFA BOV is

sufficiently real and imminent to warrant the issuance of a conclusive declaratory judgment

clarifying that that suspension of the AFA BOV is unlawful.

64.     By suspending the AFA BOV, the Plaintiff, cadets at the Air Force Academy, their

parents, and the American people have suffered and will continue to suffer immediate and

irreparable harm for various reasons including, *inter alia*, that irreversible decisions about the

operation of the Air Force Academy are being made without the input, investigations, oversight,

supervision and recommendations of the AFA BOV and of Plaintiff Heidi Stirrup as mandated by

17

law. Other than the declaratory and injunctive relief requested, there exists no adequate remedy at law.

## COUNT FIVE
**(Violation of the Separation of Powers Doctrine, Art. I and II of the U.S. Constitution)**

65.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

66.     The oversight and investigative functions of the AFA BOV are, like all such functions of the military service academies of the United States generally, a delegated Congressional oversight function derived from Article I of the U.S. Constitution.

67.     Congress never intended for a separate branch of the federal government, the Executive Branch, to have any power or authority to control, influence, or suspend the independent oversight and investigative functions of the AFA BOV and the other military service academies' boards of visitors.

68.     Defendants' suspension of the AFA BOV and its congressionally-mandated and delegated functions violates Article I, Section 8, Clause 14 of the U.S. Constitution, which provides that "[The Congress shall have the Power . . .] To make Rules for the Government and Regulation of the land and naval Forces." *Id*.

69.     Defendants' suspension of the AFA BOV and its congressionally-mandated and delegated functions violates Articles I and I of the U.S. Constitution and the constitutional Separation of Powers Doctrine.

## COUNT SIX
**(Deprivation of the Right to Petition the Government for Redress of Grievances in Violation of the First Amendment to the U.S. Constitution)**

70.     Plaintiff realleges, adopts and incorporates by reference the foregoing paragraphs as though fully set forth herein.

71.     Members of the AFA BOV have the statutory duty, authority, and responsibility to report to the Secretary of Defense, to the Secretary of the Air Force and to the designated Congressional committees on any abuses, misconduct, or any other pattern or practice that affects "the morale, discipline, and social climate, the curriculum, instruction, physical equipment, fiscal affairs, academic methods, and other matters relating to the Academy." 10 U.S.C. § 9355(e)(1).

72.     Cadets, their parents, Air Force Academy graduates, active duty and retired military officers, members of Congress, members of the press and others have complained about existing conditions at the Air Force Academy.  Many of those complaints have been communicated to Plaintiff Stirrup, directly and through third parties, but Plaintiff Stirrup cannot investigate, report, make recommendations or otherwise petition to redress those grievances to the Government through the Congressionally created AFA BOV because the AFA BOV is suspended. Moreover, no member of the public can petition the AFA BOV or any of its members for a redress of grievances because the AFA BOV is suspended.

73.     Defendants' suspension of the operations of the AFA BOV, and their refusal to provide access as required by statutes and other laws, constitute an immediate and irreparable harm to the First Amendment rights to "petition the Government for the redress of grievances" of Plaintiff Stirrup, of the public, of the cadets and their parents, and of the faculty and staff at the Air Force Academy whose valid complaints about the Academy Plaintiff Stirrup is duty-bound to report.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A.     Declare the suspension of the AFA BOV to be in violation of 10 U.S.C. § 9355, of the above-reference Charter and Bylaws of the AFA BOV, the APA, Articles 1

and 2 of the U.S. Constitution, the First and Fifth Amendments to the U.S. Constitution, and of any other applicable laws;

B.      Enjoin Defendants and any other agency or employee acting on behalf of Defendants from continuing to suspend or otherwise to violate applicable laws regarding or interfering with the operations of the AFA BOV;

C.      Award Plaintiff reasonable attorney's fees and costs; and

D.      Grant such other relief as the Court may deem just and proper.


Dated: July 14, 2021                                Respectfully submitted,


                                        _____/s/_____
                                        Jeffrey E. McFadden
                                        (DC. Bar No. 434234)
                                        LAW OFFICES OF JEFFREY E. MCFADDEN, LLC
                                        312 Prospect Bay Drive East
                                        Grasonville, MD 21638
                                        (410) 490-1163
                                        jmcfadden@jmcfaddenlaw


                                        OF COUNSEL:


                                        _____/s/_____

                                        Michael T. Rose (S.C. Bar #4910)
                                        MIKE ROSE LAW FIRM, PC
                                        409 Central Ave.
                                        Summerville, SC 29483
                                        Phone: 843-871-1821
                                        mike@mikeroselawfirm.com